UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARK ANTHONY BELIEW, | Case No. 1:19-cv-391-JDP |
|---|---|
| Plaintiff, | ORDER ON SOCIAL SECURITY APPEAL |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits. On February 13, 2020, we heard argument from the parties.[1] Having reviewed the record and considered arguments raised by the parties, we will affirm the decision of the administrative law judge ("ALJ").

On appeal, we ask whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g). We will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence; we will not substitute our judgment for that of the Commissioner. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

The ALJ found claimant to have three severe impairments: bilateral knee replacements, major depressive disorder, and polysubstance dependence (in remission). AR 21. Claimant now focuses on the first two of these impairments, arguing that the ALJ erred (1) in failing to further

---
[1] Both parties are represented by counsel.

1

develop the record regarding his post-surgery knee impairments and (2) in discounting the opinion of treating psychiatrist Eduardo Morales.

On the first issue, the ALJ found that, although claimant's knee impairment limited his residual functional capacity ("RFC"), it was not disabling. In reaching the conclusion, the ALJ considered the opinions of doctors who evaluated claimant *before* his knee surgery, *see* AR 26, but she did not have the benefit of a post-surgery opinion. Claimant now argues that the ALJ had a duty to further develop the record—presumably by obtaining a post-surgery opinion from a medical source.

An individual seeking disability insurance benefits bears the burden of proving that he is disabled. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999), as amended (June 22, 1999) ("The claimant bears the burden of proving that she is disabled."). The ALJ, however, is not a mere observer of the administrative process; the Social Security Act requires ALJs to be active participants, responsible for coordinating the non-adversarial evaluation process and for undertaking a certain amount of investigation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). The Act requires ALJs to "make every reasonable effort to obtain" all medical evidence necessary to determine disability. 42 U.S.C. § 423(b)(5). In a case in which benefits are denied, the Act further requires the ALJ to "develop a complete medical history of at least the preceding twelve months." *Id.* This responsibility is not limited to pursuing pre-existing information; in some cases, the ALJ "may need" to request the collection of additional information, for example by asking the claimant to undergo a consultative examination. 20 C.F.R. §§ 404.1520b(b), (b)(2)(iii); *see also id.* § 404.1512(b) (defining SSA's responsibility to develop medical history).

But ALJs are not required in every case to obtain a medical opinion or otherwise to

2

"further develop the record." Such a duty exists "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" by the ALJ. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *see* 20 C.F.R. § 404.1520b(b) (addressing ALJ's responsibilities when the "record is insufficient or inconsistent"—meaning when the record "does not contain all the information [SSA needs] to make [its] determination or decision," or when the evidence "conflicts with other evidence, contains an internal conflict, is ambiguous, or when the medical evidence does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques"). A record may be insufficient, for example, if it contains crucial medical information that is too technical to be understood or evaluated by an ALJ. *See Molina v. Berryhill*, No. 2:17-CV-01991 CKD, 2018 WL 6421287, at *4 (E.D. Cal. Dec. 6, 2018) (faulting ALJ for failing to further develop the record where ALJ, without the benefit of a medical expert, based her conclusion on her "lay interpretation" of "x-rays, MRIs, and clinical findings").

The record here is neither ambiguous nor inadequate for evaluation of the evidence. In addition to pre-surgery information, the ALJ relied on two sets of post-surgery treatment notes from Dr. Mario Sablan—AR 371-401, 746-66—which indicated "definite improvement in the right knee and complete pain resolution in his left knee." AR 25; *see also* AR 376 (stating, in regard to the left knee, that "patient feels that the knee function has returned to normal" and "that the discomfort has resolved completely"), 372 (stating, in regard to the right knee, that "[t]here has been a definite improvement since surgery when compared to the pre-op symptoms"). The notes are written in plain English, largely paraphrase claimant's own statements, and are well within the ken of an SSA ALJ. Making sense of Dr. Sablan's notes did not require the ALJ impermissibly to "play doctor." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Absent an ambiguous or insufficient record, the ALJ had no duty to inquire further.[2]

Separately, claimant faults the ALJ for giving short shrift to the opinion of Dr. Morales.

---

[2] Claimant also addressed his knee impairments in his testimony, stating that he had a sharply limited ability to walk and stand following his surgeries. The ALJ, however, found this testimony to be inconsistent with the notes of Dr. Sablan and also with the opinion of Dr. Swanson, who examined claimant before his surgeries. *See* AR 25. The ALJ's evaluation of claimant's testimony is not at issue on appeal.

Dr. Morales was a treating psychiatrist who opined that claimant was unable to work. AR 27. The ALJ gave his opinion "little weight because it [was] not supported by the objective medical evidence in the record." AR 27.

An ALJ may not reject the contradicted opinion of a treating doctor "without providing specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Here, the ALJ's one-sentence statement of her reasons for discounting Dr. Morales's opinion leaves something to be desired. Crucially, however, the ALJ's admittedly short and boilerplate-like justification is supported by a lengthy string citation that allows us to match up the cited "objective evidence" with the ALJ's discussion thereof in earlier portions of her opinion. *See* AR 27, 25 (citing four exhibits and stating that claimant "has been described by his various healthcare providers as 'calm', 'cooperative', and 'pleasant'"); *id.* (citing one exhibit and stating that claimant "demonstrated adequate attention, concentration and focus during his examination with Dr. Swanson"); *id.* (citing one exhibit and stating that claimant "reported getting along with people in positions of authority and adequately being able to handle stressful situations"). Thus, we need not wade through the lengthy administrative record and guess at the ALJ's interpretation thereof; the ALJ's logic is apparent on the face of her opinion.[3] It would have been preferable for the ALJ to have laid out every link in the chain, explaining precisely why she saw the cited evidence as conflicting with or undercutting Dr. Morales's opinion and relieving us of any need to make inferences. However, in this case, we find the ALJ's explanation of her rejection of Dr. Morales to pass muster—that is, to be supported by specific and legitimate reasons. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

In sum, we find that the ALJ's decision is supported by substantial evidence and that claimant has identified no reversible error in the ALJ's analysis. For the reasons stated in this order, we deny claimant's appeal from the administrative decision of the Commissioner of Social

---

[3] We do not suggest that a detailed citation will always or even usually permit a reviewing court to identify an ALJ's specific and legitimate reasons. In this case, however, it does.

Security and direct the clerk of court (1) to enter judgment in favor of defendant and against claimant Mark Anthony Beliew and (2) to close this case.

IT IS SO ORDERED.

Dated:   March 9, 2020                    _____
                                          UNITED STATES MAGISTRATE JUDGE

No. 200.